IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mark Sincavage,<br><br>    Plaintiff,<br><br>v.<br><br>Trans Union, LLC,<br>Equifax Information Services, LLC,<br>Experian Information Solutions, Inc., and<br>Capital One, N.A.,<br><br>    Defendants. | Case No. |

## **COMPLAINT AND JURY DEMAND**

NOW COMES THE PLAINTIFF, MARK SINCAVAGE, BY AND THROUGH COUNSEL, and for his Complaint pleads as follows:

### **JURISDICTION**

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

2. Jurisdiction of this court arises under 15 U.S.C. §1681p.

### **VENUE**

3. The transactions and occurrences which give rise to this action occurred in DuPage County, Illinois.

4. Venue is proper in the Northern District of Illinois.

## PARTIES

5. Plaintiff is a natural person residing in the village of Downers Grove, DuPage County, Illinois, and is a "consumer" for purposes of the FCRA.

6. The Defendants to this lawsuit are:

    a. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Illinois;

    b. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Illinois;

    c. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Illinois;

    d. Capital One, N.A. ("Capital One") is a foreign corporation that conducts business in the State of Illinois.

## GENERAL ALLEGATIONS

7. Capital One's tradeline ("Bogus Tradeline") is reporting inaccurately in Plaintiff's Trans Union, Equifax, and Experian (collectively, "CRAs") credit files.

8. The account reflected by the Bogus Tradeline does not belong to Plaintiff as he is a victim of identity theft.

9. On or about January 19, 2023, Plaintiff obtained his credit disclosures and noticed the Bogus Tradeline reporting.

10. On or about January 31, 2023, Plaintiff, via counsel, submitted separate letters to each of the CRAs disputing the Bogus Tradeline.

11. In his dispute letters, Plaintiff explained that the account reflected by the Bogus Tradeline is fraudulent and does not belong to him as he is a victim of identity theft. He attached a copy of the Police Report to verify the same and asked the CRAs to delete the bogus account.

12. The CRAs forwarded Plaintiff's dispute to Capital One.

13. Capital One received Plaintiff's dispute from the CRAs.

14. On or about February 20, 2023, Plaintiff received Trans Union's dispute results, which showed that Trans Union and Capital One failed or refused to delete the Bogus Tradeline.

15. On or about February 22, 2023, Plaintiff received Equifax's dispute results, which showed that Equifax and Capital One failed or refused to delete the Bogus Tradeline.

16. On or about February 23, 2023, Plaintiff received Experian's dispute results, which showed that Experian and Capital One failed or refused to delete the Bogus Tradeline.

17. The Bogus Tradeline is false and misleading. It is also driving the Plaintiff's credit score down making it harder for him to obtain jobs, housing, and meet living expenses.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has experienced undue stress, anxiety, frustration and other forms of emotional distress due to Defendants' failures to correct the errors in his credit file and his inability to improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA. The Bogus Tradeline has diminished Plaintiff's creditworthiness and credit scores. Plaintiff has also suffered physical harms, including loss of sleep and stress headaches as a result of Defendants' failure to correct the Errant Tradeline. Defendants' actions and omissions have caused Plaintiff to lose time attempting to correct the false information in Plaintiff's consumer report.

## COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE, N.A.

19. Plaintiff realleges the above Paragraphs One through Eighteen as if recited verbatim.

20. After being informed by the CRAs of Plaintiff's dispute of the Bogus Tradeline, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

21. Capital One negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct the CRAs to delete the bogus account.

22. The Bogus Tradeline is inaccurate and creates a misleading impression in Plaintiff's credit files with the CRAs, to which it is reporting such tradeline.

23. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

24. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

25. Plaintiff has a private right of action to assert claims against Capital One arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grants him a judgment against Defendant Capital One for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE, N.A.

26. Plaintiff re-alleges the above Paragraphs One through Eighteen by reference as if recited verbatim.

27. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute and willfully failed to direct the CRAs to delete the fraudulent account.

28. Capital One willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

29. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

30. Capital One is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grants him a judgment against Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

31. Plaintiff re-alleges the above Paragraphs One through Eighteen by reference as if recited verbatim.

32. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

33. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

34. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

35. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

36. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

37. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

38. Plaintiff realleges the above Paragraphs One through Eighteen as if recited verbatim.

39. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

40. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

41. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

42. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

43. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

**COUNT V - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

45. Plaintiff re-alleges the above Paragraphs One through Eighteen by reference as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

47. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

48. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

49. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

51. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT VI - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above Paragraphs One through Eighteen as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

54. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

55. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

56. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

57. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

58. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### COUNT VII - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

59. Plaintiff re-alleges the above Paragraphs One through Eighteen by reference as if recited verbatim.

60. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

61. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

62. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

63. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other

12

forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

65. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

66. Plaintiff realleges the above Paragraphs One through Eighteen as if recited verbatim.

67. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

68. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

69. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

70. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

71. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

72. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grants him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Dated: April 4, 2023			By: /s/ Carl Schwartz
				CARL SCHWARTZ
				CREDIT REPAIR LAWYERS OF AMERICA
				39111 Six Mile Road, Suite 142
				Livonia, MI 48152
				Telephone (248) 353-2882
				Fax (248) 353-4840
				Email – Carl@crlam.com